IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| John Kirkland Fort, Chapter 7 Trustee for International Payment Group, Inc., | Civil Action No.: 7:13-cv-1883-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| SunTrust Bank, | |
| Defendants. | |

This matter is before the Court upon Defendant SunTrust Bank's ("Defendant") Bill of Costs. (ECF No. 111.) The Court entered summary judgment in favor of Defendant on August 26, 2016. (ECF No. 107.) Defendant timely submitted its Bill of Costs in the amount of $18,458.56. (ECF No. 111.) Plaintiff filed no objections to the Bill of Costs, and the time to do so has expired. (*See* ECF Nos. 111, 114.) For the reasons set forth below, the Court grants Defendant's request for costs.

**LEGAL STANDARD**

According to the Federal Rules of Civil Procedure, "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As such, there is a presumption in favor of awarding costs to a prevailing party. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *see also Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *Id.* (citing *Teague*, 35 F.3d at 996).

1

To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. *Teague*, 35 F.3d at 996; *see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. *Id.* (citing *Cherry*, 186 F.3d at 446). Ultimately, the court has discretion to award or deny costs to the prevailing party. *Cherry*, 186 F.3d at 446.

## DISCUSSION

In this case, there is no suggestion of misconduct by Defendant, the prevailing party, and Defendant's victory is not of limited value. Thus, the first and fourth factors counsel toward assessing costs in favor of Defendant. There has been no assertion that Plaintiff, the unsuccessful party, is unable to pay the itemized costs or that the costs are excessive given the nature of the case. Accordingly, the second and third factors weigh in favor of assessing costs as itemized. Finally, the closeness and difficulty of the issues decided is revealed by the fact that the U.S. Bankruptcy Court for the District of South Carolina, Judge Helen E. Burris presiding, submitted proposed findings of fact and conclusions of law to this Court—recommending, *inter alia*, that the Court deny summary judgment on Plaintiff's claims of negligence, gross negligence, and breach of fiduciary duty—which the Court adopted in part, but also modified in part and granted summary judgment on all claims. (*See* ECF No. 106.) Thus, the fifth factor also counsels toward assessing costs in Defendant's favor.

## CONCLUSION

For the reasons explained above, the Court finds all of the costs sought to be recoverable. The Court, therefore, awards costs in the amount of $18,458.56 to Defendant.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
October 17, 2018